NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KENNETH STRICKLAND, <br><br> Defendant. | Case No. 2:21-cr-00311 (BRM) <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the United States of America's ("Government") motion to sequester all Defendant Kenneth Strickland's ("Defendant") witnesses at trial, including Defendant's expert witnesses. The Government made the motion at the telephonic conference on July 15, 2024. (ECF No. 152.) Defendant filed an Opposition on July 15, 2024. (ECF No. 153.) The Government filed a reply on July 15, 2024. (ECF No. 154.) Also before the Court is Defendant's motion to sequester all the Government's fact witnesses at trial, including the Government's lead case agent, Special Agent Daniel Wehrle. Defendant made the motion at the telephonic conference on July 15, 2024. (ECF No. 152.) The Government filed an Opposition on July 15, 2024. (ECF No. 154.) Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, the Government's motion to sequester all Defendant's witnesses at trial is **DENIED** to the extent it seeks to sequester Defendant's expert witnesses, and otherwise **GRANTED** as to the Defendant's fact witnesses, and Defendant's motion to sequester all the Government's fact witnesses at trial is

**DENIED** to the extent it seeks to sequester the Government's lead case agent, Special Agent Daniel Wehrle, and otherwise **GRANTED** as to the Government's other fact witnesses.

## I. BACKGROUND

### A. Factual Background

The superseding indictment ("Indictment") of January 11, 2024 charges Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Count 1) and Distribution and Possession with Intent to Distribute Fentanyl (Counts 2–6). (ECF No. 128 at 1–2.) The Indictment is based on events from November 2019 to May 2020. (*Id.*)

The Indictment stems from a law enforcement investigation into an alleged drug trafficking organization ("DTO") operating in New York, New Jersey, and Pennsylvania, among other states. (ECF No. 1 at 3.) Defendant allegedly worked for suppliers in the DTO to distribute large quantities of heroin and fentanyl. (*Id.*) Beginning in November 2019, undercover law enforcement officers began making controlled purchases of suspected heroin from Defendant. (ECF No. 88 at 1–2.) Defendant purportedly organized narcotics deliveries between himself and the suppliers using a cell phone, including with the alleged supplier Louis Perez ("Perez"). (*Id.* at 2.) On March 30, 2020, the Court granted the Government's application to intercept wire and electronic communications from Defendant's phone. (*Id.*) The Government then allegedly intercepted communication exchanges between Defendant and Perez, including a communication on April 10, 2020 where Perez allegedly agreed to sell Defendant narcotics. (*Id.*) The Government eventually surveilled a meeting between Perez and Defendant on April 18, 2020, where Defendant allegedly walked with Perez behind a building before walking back to his vehicle and placing something in the trunk. (*Id.* at 2–3.) Defendant was ultimately arrested on July 15, 2020.

### B.     Procedural History

A criminal complaint was filed against Defendant and others on July 14, 2020. (ECF No. 1.) On the same day, a warrant was issued for Defendant's arrest. (ECF No. 5.) On July 15, 2020, the Court issued an order of detention remanding Defendant to federal custody with the right to make a bail application at a later time. (ECF No. 17.) An indictment was issued on April 14, 2021. (ECF No. 50.) Defendant was arraigned on April 26, 2021, where he pled Not Guilty to all counts in the indictment. (ECF No. 51.) On October 14, 2022, Defendant filed an Omnibus Motion requesting the dismissal of the indictment, evidentiary disclosures by the Government, and the suppression of certain wiretap recordings. (ECF No. 83.) On February 27, 2023, the Court granted in part, and denied in part, Defendant's Omnibus Motion. (ECF No. 106.) The Court issued a further Opinion on the denial of Defendant's motion to suppress the wiretap evidence on November 28, 2023. (ECF No. 121.) A superseding indictment was filed on January 11, 2024. (ECF No. 128.) Defendant was arraigned on January 17, 2024. (ECF No. 129.) Defendant and the Government each filed their respective motions *in limine* on April 2, 2024. (ECF Nos. 135, 136.) The Government filed its Opposition to Defendant's motions *in limine* on April 11, 2024 (ECF No. 138), and Defendant filed his Opposition to the Government's motions *in limine* on April 26, 2024 (ECF No. 144). The Court held oral argument for these motions on May 17, 2024. (ECF Nos. 145, 146.) On June 7, 2024, the Court issued an Opinion on the motions *in limine*, and a final amended Order granting in part, denying in part, and reserving in part the parties' motions *in limine*. (ECF Nos. 149, 150.) On July 15, 2024, the Court held a telephonic status conference with the parties' attorneys. (ECF No. 152.)

## II.  LEGAL STANDARD

Federal Rule of Evidence 615 requires that, upon a party's request, "the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a). Courts will order sequestration "to prevent the possibility of witnesses shaping their testimony to match that given by other witnesses." *United States v. Jones*, 48 F. App'x 835, 836 (3d Cir. 2002). Sequestration of witnesses therefore discourages "fabrication, inaccuracy, and tailoring." *United States v. Escalante-Melgar*, No. 16-453, 2020 WL 968091, at *10 (D.N.J. Feb. 28, 2020). "The party opposing sequestration bears the burden to establish how an exception applies and must convince the court to exercise its discretion to exempt the witness from mandatory sequestration." *Id.* at *11. Under Rule 615, a court is not permitted to sequester "any person whose presence a party shows to be essential to presenting the party's claim or defense," Fed. R. Evid. 615(a)(3), or an officer designated as the representative of an institutional party, Fed. R. Evid. 615(a)(2).

## III.  DECISION

### A.  Sequestration of Defendant's Expert Witnesses

The Government moves for the sequestration of all Defendant's witnesses, including Defendant's expert witnesses.

Defendant cites to several cases suggesting that the presence of an expert witness during testimony may be beneficial where this witness does not testify to the facts of the case. (ECF No. 153 at 1.) Defendant claims most courts in the Third Circuit do not sequester expert witnesses, as the policy reasons for sequestration generally do not apply to experts. (*Id.* at 1–2.) Defendant also notes that, at the Court's *Wade* hearing, Defendant's expert Dr. Caren Rotello was not sequestered. (*Id.* at 2.) Defendant argues the presence of the expert witnesses is necessary to help his counsel

4

"understand highly technical testimony such as drug testing testimony or ping data testimony, so as to properly prepare for cross-examination." (*Id.*)

The Government replies that Defendant has not satisfied his burden of showing the expert witnesses are essential to presenting his defense and argues that the expert opinions are based on materials provided to the Defense, and not on the Government testimony pertaining to such materials. (ECF No. 154 at 2.) The Government argues that "[p]ermitting the experts' presence throughout trial invites those witnesses to comment or otherwise characterize the specific testimony of the Government's experts rather than offer their own expert opinions." (*Id.*) The Government therefore asserts sequestration is necessary to ensure Defendant's experts' testimony is confined to the evidentiary material, and not the Government testimony regarding the material. (*Id.*).

Third Circuit precedent is that expert witnesses normally do not need to be sequestered. Rule 615(a)(3) bars the Court from sequestering "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3). Courts have generally allowed expert witnesses to hear testimony, since the policy reasons for sequestration mostly do not apply to expert witnesses. *See Indem. Ins. Co. of N. Am. v. Electrolux Home Prods.*, 520 F. App'x 107, 112 (3d Cir. 2013) ("There is little, if any, reason for sequestering a witness who is to testify as an expert and not to the facts of the case."); *R.D. v. Shohola, Inc.*, Civ. A. No. 16-01056, 2019 WL 6133748, at *1 (M.D. Pa. Nov. 19, 2019) ("[I]n the exercise of discretion courts have also frequently allowed expert witnesses to remain in the courtroom, reasoning that the rationale behind sequestration has little application to experts who are not testifying regarding their personal knowledge of the underlying facts of the case."); *Brown v. Kia Motors Corp.*, Civ. A. No. 06-804,

2010 WL 135121, at *1 (W.D. Pa. Jan. 9, 2010) ("The decision to permit a witness to remain in the courtroom is within the sound discretion of the Court.").

Here, Defendant has shown good cause for allowing his expert witnesses to be present during testimony to help his counsel "understand highly technical testimony such as drug testing testimony or ping data testimony, so as to properly prepare for cross-examination." (ECF No. 153 at 2.) *See United States v. Bertoli*, 854 F. Supp. 975, 1038 (D.N.J. 1994) ("[T]he presence of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial." (quoting *United States v. Mohney*, 949 F.2d 1397, 1404 (6th Cir. 1991))). Although the Government attempts to draw a distinction between the materials provided to Defendant and the testimony of Government witnesses on the same materials (ECF No. 154 at 2), the Government does not cite, and the Court does not find, any precedent making such a distinction. Therefore, the Court holds, based on Third Circuit precedent, that it is proper for Defendant's expert witnesses to assist defense counsel in understanding and interpreting the Government's witness testimony on materials such as cell ping data and laboratory reports. *See Bertoli*, 854 F. Supp. at 1038; *Indem. Ins. Co. of N. Am.*, 520 F. App'x at 112; *Shohola, Inc.*, 2019 WL 6133748, at *1.

For these reasons, the Government's motion to sequester all Defendant's witnesses is **DENIED** to the extent it moves to sequester Defendant's expert witnesses, and otherwise **GRANTED** as to the Defendant's fact witnesses pursuant to Rule 615(a).

### B.    Sequestration of Government's Case Agent

Defendant moves for all the Government's fact witnesses to be sequestered, including the Government's case agent, Special Agent Daniel Wehrle.

The Government opposes the motion by arguing that "a summary case agent falls squarely under Rule 615's exception for 'an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney.'" (ECF No. 154 at 1 (quoting Fed. R. Evid. 615(a)(2).) The Government therefore argues that Special Agent Daniel Wehrle should be excluded from sequestration as the Government's lead case agent. (ECF No. 154 at 1.)

The Court will not order the sequestration of Special Agent Daniel Wehrle, as it is well-established in the Third Circuit that the Government's case agent is generally not subject to sequestration. *See United States v. Drummond*, 69 F. App'x 580, 581 (3d Cir. 2003) ("We have held that a case agent for the Government . . . ordinarily cannot be sequestered pursuant to Rule 615."); *Escalante-Melgar*, 2020 WL 968091, at *12 ("Federal Rule of Evidence 615(b) plainly exempts the Government's case agent from sequestration as he is a designated representative of the U.S. Government. The Third Circuit permits government agents to remain in the courtroom even if they will later testify."); *United States v. Trader*, No. 04-680, 2015 WL 4941820, at *14 (E.D. Pa. Aug. 19, 2015) ("The Third Circuit has interpreted Rule 615(b) as establishing a 'case agent' exception to the typical rule of sequestration."). Therefore, because Special Agent Daniel Wehrle is serving as the Government's case agent in this matter, the Court will exempt him from sequestration pursuant to Federal Rule of Evidence 615(a)(2).

Accordingly, Defendant's motion to sequester all the Government's fact witnesses at trial is **DENIED** to the extent it seeks to sequester the Government's lead case agent, Special Agent Daniel Wehrle, and otherwise **GRANTED** as to the Government's other fact witnesses pursuant to Rule 615(a).

### IV. CONCLUSION

For the reasons set forth above, the Government's motion to sequester all Defendant's witnesses at trial is **DENIED** to the extent it seeks to sequester Defendant's expert witnesses, and otherwise **GRANTED** as to the Defendant's fact witnesses, and Defendant's motion to sequester all the Government's fact witnesses at trial is **DENIED** to the extent it seeks to sequester the Government's lead case agent, Special Agent Daniel Wehrle, and otherwise **GRANTED** as to the Government's other fact witnesses.

Date: July 16, 2024                                   */s/ Brian R. Martinotti*
                                                      **HON. BRIAN R. MARTINOTTI**
                                                      **UNITED STATES DISTRICT JUDGE**